THE STATE, EX REL. HUFFMAN, APPELLANT, *v.* XEROX CORPORATION ET AL., APPELLEES.

[Cite as State, ex rel. Huffman, *v.* Xerox Corp. (1988), 35 Ohio St. 3d 42.]

(No. 86-1356—Decided January 13, 1988.)

*Michael J. Muldoon,* for appellant.
*Vorys, Sater, Seymour & Pease, Thomas M. Taggart* and *William G. Porter II,* for appellee Xerox Corp.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Dennis L. Hufstader,* for appellee Industrial Commission.

*Per Curiam.* Appellant argues that the employer in this case increased her workload to the point where she is unable, as a result of her industrial injury, to fulfill the requirements of her position as it now exists. Under such circumstances, appellant asserts that it is inequitable to deny her eligibility for temporary total disability compensation simply because she has successfully fulfilled the obligations of her position as it existed prior to the workload increase.

Contrary to this proposition, the appellees essentially argue that pursuant to R.C. 4123.56 as it existed prior to its recent amendment, the commission must terminate temporary total disability compensation when an employee has returned to work or where the employee's treating physician has made a written statement that the employee is capable of returning to his former position of employment. In *State, ex rel. Horne,* v. *Great Lakes Constr. Co.* (1985), 18 Ohio St. 3d 79, 80, 18 OBR 117, 118, 480 N.E. 2d 753, 754, this court interpreted the phrase "former position of employment" as meaning the position held when the claimant was injured. The fact that the claimant in this case was able to work in the position she held at the time of her injury for more than two years after returning to work in January 1982 is said to demonstrate that she is no longer entitled to temporary total disability compensation under R.C. 4123.56.

This court has repeatedly held that mandamus will not lie where there is some evidence to support the findings of the Industrial Commission. *State, ex rel. GF Business Equip., Inc.,* v. *Indus. Comm.* (1981), 66 Ohio St. 2d 446, 20 O.O. 3d 379, 423 N.E. 2d 99; *State, ex rel. Wallace,* v. *Indus. Comm.* (1979), 57 Ohio St. 2d 55, 11 O.O. 3d 216, 386 N.E. 2d 1109. We determine that the commission's finding that appellant was able to perform the duties of her former position as it existed at the time of her injury is substantiated by the report of Dr. Larrick. Pursuant to this court's interpretation of R.C. 4123.56 in *State, ex rel. Horne, supra,* the commission was justified in denying appellant's application for reactivation of temporary total disability benefits.

Appellant contends that our decision today will enable employers to circumvent their responsibilities under R.C. 4123.56 by increasing the workload of employees who have returned to work from a temporary total disability to the point where they are no longer able to perform the duties of their position as it existed prior to the injury.

We are not persuaded by appellant's prediction. Pursuant to R.C. 4123.90, an employer is forbidden from taking any punitive action against an employee in response to the employee's filing for workers' compensation benefits. This statute would prohibit employers from acting as appellant has speculated they would act.[1]

For the reasons set forth in this

---

[1] We note that the only evidence in the record of this case which addresses the reason for appellant's alleged workload increase is found in Dr. Larrick's report. Therein, Dr. Larrick relates that appellant attributes her workload increase and that of other workers at the plant to the fact that another Xerox plant had closed down. Assuming the veracity of this statement, appellant, by her own admission, has indicated that her alleged workload increase was not in response to her filing for workers' compensation benefits.

opinion, we hereby affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., and SWEENEY, J., concur.

LOCHER, HOLMES, DOUGLAS and WRIGHT, JJ., concur in judgment only.

H. BROWN, J., not participating.

WRIGHT, J., concurring. My concurrence in the result in this case does not imply acquiescence in the reasoning or result achieved in *State, ex rel. Horne,* v. *Great Lakes Constr. Co.* (1985), 18 Ohio St. 3d 79, 18 OBR 117, 480 N.E. 2d 753.

LOCHER, J., concurs in the foregoing opinion.