THE STATE, EX REL. THOMAS, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as State, ex rel. Thomas, *v.* Indus. Comm. (1989), 42 Ohio St. 3d 31.]

(No. 88-74—Submitted February 8, 1989—Decided April 12, 1989.)

*Agee, Clymer & Morgan Co., L.P.A.,* and *Philip J. Fulton,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Merl H. Wayman,* for appellee.

*Per Curiam.* In mandamus, the relator must establish a clear legal right to relief. *State, ex rel. Pressley,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141, 40 O.O. 2d 141, 228 N.E. 2d 631.

A clear legal right exists where the commission abuses its discretion by entering an order which is not supported by "some evidence." *State, ex rel. Burley,* v. *Coil Packing, Inc.* (1987), 31 Ohio St. 3d 18, 31 OBR 70, 508 N.E. 2d 936. We must presently determine whether the commission abused its discretion in denying temporary total disability compensation from September 7, 1984 through May 24, 1985. Upon review, we find its order conforms with the some evidence rule, and thus deny the requested writ.

Eligibility for temporary total disability compensation is satisfied where an industrial injury results in a temporary condition that prevents a claimant from returning to his or her former position of employment. *State, ex rel. Ramirez,* v. *Indus. Comm.* (1982), 69 Ohio St. 2d 630, 23 O.O. 3d 518, 433 N.E. 2d 586. "Former position of employment" has been defined as the position held at the time of injury. *State, ex rel. Horne,* v. *Great Lakes Constr. Co.* (1985), 18 Ohio St. 3d 79, 80, 18 OBR 117, 118, 480 N.E. 2d 753, 754. In the case at bar, the commission determined that the totality of the evidence before it did not establish a causal relationship between appellant's industrial injury and his alleged inability to return to his former position of employment at Kaiser.

However, the commission ultimately denied appellant's compensation request for "lack of credible medical evidence." In the medical evidence initially before the hearing officer, which evidence was part of appellant's application to re-activate his claim, Dr. Levitas certified appellant to be temporarily totally disabled beginning September 7, 1984. On this very same form, in response to an inquiry as to whether he had drawn unemployment benefits since his injury, appellant replied in the affirmative and indicated that he had received unemployment benefits during the period from September 7, 1984 through October 23, 1984. Under R.C. 4141.29(A) (4)(a), eligibility for unemployment benefits is premised, in part, on an applicant being "able to work and available for suitable work and * * * actively seeking suitable work * * *." Moreover, an employee is not entitled to unemployment compensation benefits unless he is capable of being employed in his usual trade or occupation or any other employment for which he is reasonably fitted. *Craig* v. *Bur. of Unemp. Comp.* (1948), 83 Ohio App. 247, 51 Ohio Law Abs. 449, 38 O.O. 356, 83 N.E. 2d 628, paragraph two of the syllabus. This unresolved contradiction concerning appellant's ability to work undermines the persuasiveness of Dr. Levitas's certification. Further, in light of this conflict, the commission was not obligated to accord full evidentiary weight to subsequent certifications submitted by appellant. Finally, although the record also contains Dr. Brito's January 1986 report, we question the extent to which Dr. Brito's ultimate disability conclusion may have been influenced by the erroneous presumption that appellant had not worked since the date of injury.

Evaluation of the weight and credibility of the evidence before it rests exclusively with the commission. *Burley, supra.* In the present case, deficiencies in appellant's application to re-activate his claim and Dr. Brito's report constitute "some evidence" supporting the commission's conclusion that appellant's application for temporary total disability compensation was unsupported by credible medical evidence. Moreover, because we find the commission's decision to be supported by some evidence, we find it unnecessary to address the denial of com-

pensation within the context of an "abandonment" theory as relied on by the appellate court. Accordingly, for the reasons set forth above, the judgment of the court of appeals is hereby affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.