THE STATE, EX REL. MCGRAW, APPELLANT, *v.*
INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as State, ex rel. McGraw, *v.* Indus. Comm. (1990), 56 Ohio St. 3d 137.]

(No. 89-2179—Submitted September 25, 1990—Decided December 26, 1990.)

*Agee, Clymer, Morgan & Fulton Co., L.P.A.,* and *Philip J. Fulton,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, *Michael L. Squillace* and *Scott A. Armour,* for appellee Industrial Commission.

*Lane, Alton & Horst, Gregory D. Rankin* and *T. Jeffrey Beausay,* for appellee Kenworth Trucking Co.

*Per Curiam.* Appellant's appeal presents a single question: Does appellant's departure from his employment at Kenworth, for reasons unrelated to his injury, preclude his receiving temporary total disability compensation over the period sought? For the reasons to follow, we find that it does.

The effect of the termination of a claimant's employment on entitlement to temporary total compensation was first discussed in *State, ex rel. Jones & Laughlin Steel Corp., v. Indus. Comm.* (1985), 29 Ohio App. 3d 145, 29 OBR 162, 504 N.E. 2d 451. The court, in discussing the issue as it related to a claimant who had voluntarily retired, focused on the definition of "temporary total disability" whereby the claimed disability must *prevent* the return to the former position of employment. (*State, ex rel. Ramirez,* v.

*Indus. Comm.* [1982], 69 Ohio St. 2d 630, 23 O.O. 3d 518, 433 N.E. 2d 586.) As *Jones & Laughlin* stated:

"* * * [T]he industrial injury must not only be such as to render the claimant unable to perform the functions of his former position of employment, but it must also prevent him from returning to that position." *Id.* at 147, 29 OBR at 164, 504 N.E. 2d at 453.

Accordingly, it was held:

"A worker is prevented by industrial injury from returning to his former position of employment where, but for the industrial injury, he would return to such former position of employment. However, where the employee has taken action that would preclude his returning to his former position of employment, even if he were able to do so, he is not entitled to continued temporary total disability benefits since it is his own action, rather than the industrial injury, which prevents his returning to such former position of employment. Such action would include such situations as the acceptance of another position, as well as voluntary retirement." *Id.* at paragraph one of the syllabus.

*State, ex rel. Ashcraft,* v. *Indus. Comm.* (1987), 34 Ohio St. 3d 42, 44, 517 N.E. 2d 533, 535, interpreted *Jones & Laughlin* as espousing a two-prong test for eligibility in temporary total disability cases where the relevant employment relationship no longer exists:

"The crux of this decision [*Jones & Laughlin*] was the court's recognition of the two-part test to determine whether an injury qualified for temporary total disability compensation. The first part of this test focuses on the disabling aspects of the injury, whereas the latter part determines if there are any factors, other than the injury, which would prevent the claimant from returning to his former posi-

tion. [Another] consideration is a reflection of the underlying purpose of temporary total compensation; to compensate an injured employee for the loss of earnings which he incurs while the injury heals."

The court in *Ashcraft* thus held:

"When a claimant has voluntarily removed himself from the work force, he no longer incurs a loss of earnings because he is no longer in a position to return to work. This logic would apply whether the claimant's abandonment of his position is temporary or permanent." *Id.*

Consistent with *Ashcraft's* first criterion, there is some medical evidence that appellant cannot perform a spray paint technician's duties. The commission nonetheless denied temporary total disability compensation after concluding that claimant voluntarily abandoned his former position of employment.

Appellant accuses the commission of construing "former position of employment" too narrowly. He proposes that under *State, ex rel. Horne,* v. *Great Lakes Constr. Co.* (1985), 18 Ohio St. 3d 79, 80, 18 OBR 117, 118, 480 N.E. 2d 753, 754, "former position of employment" is not limited to the job he held *at Kenworth,* but instead encompasses any later job with equivalent duties, irrespective of the employer involved. The crux of his argument, as the appellate court here aptly observed, is that "for abandonment to preclude compensation, it must be the type of work rather than the actual job held with the employer at the time of injury."

We disagree with appellant's assertion. Previous decisions have treated "former position of employment" as a singular entity. In *State, ex rel. Huffman,* v. *Xerox Corp.* (1988), 35 Ohio St. 3d 42, 517 N.E. 2d 923, for example, we found a temporary total

compensation denial to be justified where there was some evidence that the claimant could "perform the duties of her former position of employment as *it* existed at the time of her injury * * *." (Emphasis added.) *Id.* at 44, 517 N.E. 2d at 925.

We have reached this conclusion even where, as here, the claimant has changed employers after his injury. In *State, ex rel. Thomas,* v. *Indus. Comm.* (1989), 42 Ohio St. 3d 31, 536 N.E. 2d 1159, the claimant was injured at Henry J. Kaiser Company and then quit for unrelated reasons and secured employment at the Zimmer Nuclear Plant. Following layoff from Zimmer, the claimant sought temporary total compensation, which was denied by the commission. The court of appeals denied a writ of mandamus to compel the award of such compensation.

We found the commission's decision to be supported by some evidence, but did not reach the abandonment issue as did the court of appeals. We noted instead that the commission had determined there was no "causal relationship between appellant's industrial injury and his alleged inability to return to his former position of employment *at Kaiser*." (Emphasis added.) *Id.* at 33, 536 N.E. 2d at 1161. The commission specifically focused on the claimant's job at Kaiser, despite evidence that he later performed similar duties at Zimmer.

In the case before us, appellant quit the job at which he was injured for reasons unrelated to his injury. Even if appellant were able to perform his former duties, his own actions eliminated any opportunity for return to that position at Kenworth long before his alleged disability arose. Appellant has not established an entitlement to temporary total disability compensation over the period in question and, accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, WRIGHT and H BROWN, JJ., concur.

HOLMES, DOUGLAS and RESNICK, JJ., concur in judgment only.