[This opinion has been published in *Ohio Official Reports* at 87 Ohio St.3d 561.]

THE STATE EX REL. BAKER, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Baker v. Indus. Comm*., 2000-Ohio-485.]

*Workers' compensation—Denial of application for temporary total disability compensation by Industrial Commission not an abuse of discretion, when—Claimant who chooses to leave former position of employment for reasons unrelated to the industrial injury forfeits temporary total disability compensation eligibility.*

(No. 98-556—Submitted November 2, 1999—Decided January 26, 2000.)

APPEAL from the Court of Appeals for Franklin County, No. 96APD10-1283.

_____

{¶ 1} On July 27, 1989, claimant-appellant, Paul W. Baker, injured his left knee while employed as a laborer for respondent-appellee Stahl-Wooster Division, A Scott Fetzer Company ("S-W"). The record indicates that claimant missed work for the first half of 1990 due to two arthroscopic knee surgeries. He alleges that during the recovery period, he encountered the plant manager, who made comments that, to claimant, implied that claimant's job was in jeopardy.

{¶ 2} The record further indicates that claimant was released to return to light duty work on July 15, 1990. However, the following day, claimant signed a termination notice with S-W, stating that the "reason" for the termination was that he had "accepted other employment." Subsequently, he began employment with Truck Stops of America ("TSA"). According to claimant, the new job at TSA had approximately the same physical demands as his light duty job at S-W. Claimant left TSA on September 24, 1990, allegedly due to his industrial injury.

{¶ 3} Following the allowance of his claim, claimant moved respondent-appellee Industrial Commission of Ohio for temporary total disability

compensation ("TTC"), starting September 24, 1990. The commission eventually denied that compensation, stating:

"Temporary total compensation for the period 9-24-90 through 4-14-91, inclusive, is specifically denied. The Hearing Officers find that the claimant voluntarily abandoned his position of employment with the instant employer and returned to work for a different employer. The claimant describes this second position of employment as requiring about the same physical activities as his former position of employment.

"The Hearing Officers note that the claimant was on Living Maintenance [compensation] during the period 4-15-91 through 11-14-91, inclusive."

{¶ 4} In 1996, claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in denying his TTC request. The court of appeals disagreed and denied the writ.

{¶ 5} This cause is now before this court upon an appeal as of right.

———————————

*M. Blake Stone*, for appellant.

*Betty D. Montgomery*, Attorney General, and *C. Bradley Howenstein*, Assistant Attorney General, for appellee Industrial Commission.

*Buckingham, Doolittle & Burroughs, L.L.P., Richard A. Hernandez* and *Brett L. Miller*, for appellee Stahl-Wooster Division, A Scott Fetzer Company.

———————————

***Per Curiam.***

{¶ 6} In *State ex rel. McGraw* v. *Indus. Comm.* (1990), 56 Ohio St.3d 137, 564 N.E.2d 695, we held that a claimant who chooses to leave his or her former position of employment for reasons unrelated to the industrial injury forfeits TTC eligibility. In *McGraw*, the court quoted with approval from *State ex rel. Jones & Laughlin Steel Corp. v. Indus. Comm.* (1985), 29 Ohio App.3d 145, 29 OBR 162, 504 N.E.2d 451, syllabus:

" '[W]here the employee has taken action that would preclude his returning to his former position of employment, even if he were able to do so, he is not entitled to continued temporary total disability benefits since it is his own action, rather than the industrial injury, which prevents his returning to such former position of employment. Such action would include such situations as the acceptance of another position, as well as voluntary retirement.' " *McGraw*, 56 Ohio St.3d at 138, 564 N.E.2d at 697.

{¶ 7} In this case, claimant's injury forced him from his former position of employment into lighter duty work with another employer. However, when claimant quit S-W, his actions effectively precluded a return to any position with that company, invoking the principles of *McGraw* and *Jones & Laughlin.*

{¶ 8} Claimant asks us to overrule *McGraw*, and, in so doing, many of the decisions that underlie it. This we refuse to do. He alternatively asks us to find that his departure from S-W was injury-induced. We again decline.

{¶ 9} Claimant left S-W for another job. The latter employment, by claimant's own admission, had the same physical demands as the job at which he was hurt. This finding undermines his assertion that he quit S-W because he could not do the work and provides "some evidence" supporting the commission's determination that claimant's departure was not injury-induced.

{¶ 10} Contrary to claimant's suggestion, the commission was not required to accept claimant's uncorroborated statement that a S-W employee implied that his job was in jeopardy. Only the commission can evaluate evidentiary credibility and, in this instance, it did not find for claimant. Accordingly, the commission's conclusion as to the "voluntariness" of claimant's departure is upheld.

{¶ 11} On a final note, claimant asserts that the receipt of living maintenance compensation for the period in which he was involved in the commission's rehabilitation program compels payment of TTC for the period that

preceded it, September 24, 1990 through April 14, 1991. Finding no legal support for this assertion, we remain unpersuaded.

{¶ 12} The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————