THE STATE EX REL. BAKER, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Baker v. Indus. Comm.* (2000), 87 Ohio St.3d 561.]

562

(No. 98–556—Submitted November 2, 1999—Decided January 26, 2000.)

*M. Blake Stone,* for appellant.

*Betty D. Montgomery,* Attorney General, and *C. Bradley Howenstein,* Assistant Attorney General, for appellee Industrial Commission.

· *Buckingham, Doolittle & Burroughs, L.L.P., Richard A. Hernandez* and *Brett L. Miller,* for appellee Stahl–Wooster Division, A Scott Fetzer Company.

**Per Curiam.** In *State ex rel. McGraw v. Indus. Comm.* (1990), 56 Ohio St.3d 137, 564 N.E.2d 695, we held that a claimant who chooses to leave his or her former position of employment for reasons unrelated to the industrial injury forfeits TTC eligibility. In *McGraw,* the court quoted with approval from *State ex rel. Jones & Laughlin Steel Corp. v. Indus. Comm.* (1985), 29 Ohio App.3d 145, 29 OBR 162, 504 N.E.2d 451, syllabus:

" '[W]here the employee has taken action that would preclude his returning to his former position of employment, even if he were able to do so, he is not entitled to continued temporary total disability benefits since it is his own action, rather than the industrial injury, which prevents his returning to such former position of employment. Such action would include such situations as the acceptance of another position, as well as voluntary retirement.' " *McGraw,* 56 Ohio St.3d at 138, 564 N.E.2d at 697.

In this case, claimant's injury forced him from his former position of employment into lighter duty work with another employer. However, when claimant quit S–W, his actions effectively precluded a return to any position with that company, invoking the principles of *McGraw* and *Jones & Laughlin.*

Claimant asks us to overrule *McGraw,* and, in so doing, many of the decisions that underlie it. This we refuse to do. He alternatively asks us to find that his departure from S–W was injury-induced. We again decline.

Claimant left S–W for another job. The latter employment, by claimant's own admission, had the same physical demands as the job at which he was hurt. This finding undermines his assertion that he quit S–W because he could not do the work and provides "some evidence" supporting the commission's determination that claimant's departure was not injury-induced.

Contrary to claimant's suggestion, the commission was not required to accept claimant's uncorroborated statement that a S–W employee implied that his job was in jeopardy. Only the commission can evaluate evidentiary credibility and, in this instance, it did not find for claimant. Accordingly, the commission's conclusion as to the "voluntariness" of claimant's departure is upheld.

On a final note, claimant asserts that the receipt of living maintenance compensation for the period in which he was involved in the commission's rehabilitation program compels payment of TTC for the period that preceded it, September 24, 1990 through April 14, 1991. Finding no legal support for this assertion, we remain unpersuaded.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.