[This opinion has been published in *Ohio Official Reports* at 88 Ohio St.3d 420.]

[THE STATE EX REL.] JONES, APPELLEE, *v.* PREFERRED, INC., APPELLANT, ET AL.

[Cite as *State ex rel. Jones v. Preferred, Inc.*, 2000-Ohio-368.]

*Workers' compensation—Court of appeals' grant of writ of mandamus ordering Industrial Commission to vacate its order denying relator temporary total disability compensation and to issue an order granting the compensation affirmed.*

(No. 98-2074—Submitted February 8, 2000—Decided May 17, 2000.)

APPEAL from the Court of Appeals for Franklin County, No. 97APD08-1031.

_____

{¶ 1} Appellee, M. Wesley Jones, sought a writ of mandamus ordering the Industrial Commission of Ohio ("commission") to vacate its order denying him temporary total disability compensation ("TTD"), and to issue an order granting this compensation. The Court of Appeals for Franklin County granted the writ, finding that the commission had no evidence for denying TTD and, therefore, that the commission had abused its discretion. Preferred, Inc., appellant and Jones's former employer, appeals as of right.

{¶ 2} Jones injured his back in September 1995 while employed by Preferred. His workers' compensation claim was allowed for "strain/sprain lumbosacral spine; herniated disc L4-5"; however, his request for TTD was denied. In a February 27, 1996 order, a district hearing officer ("DHO") found that Jones had violated Preferred's absenteeism policy by missing three consecutive days without notifying his employer; that he had been terminated on October 6, 1995, for this reason; and that, based on established precedent, he was ineligible for TTD.

{¶ 3} Jones appealed the TTD denial; Preferred appealed the allowance of Jones's claim. The staff hearing officer ("SHO") heard evidence, but Jones

subsequently withdrew his appeal because he had received unemployment compensation for the period in which he had requested TTD. The SHO thus dismissed Jones's appeal; however, in an order dated May 2, 1996, the SHO still found that Jones had not violated Preferred's absenteeism policy and, therefore, that he had not voluntarily abandoned his job. The SHO also denied Preferred's appeal, and Preferred's further appeal to the commission was refused.

{¶ 4} On January 17, 1997, Jones underwent surgery for his back injury. He applied again for TTD, and his doctor certified his disability for the period August 16, 1996 to an estimated date of February 24, 1997. The Bureau of Workers' Compensation granted TTD from January 16, 1997 through February 24, 1997, to continue based on further medical documentation.

{¶ 5} But on Preferred's appeal, a DHO denied TTD. In a March 25, 1997 order, the DHO explained:

"Temporary total disability compensation is denied from 8/16/96 onward based on the prior 2/27/1996 District Hearing Officer finding of voluntary abandonment of employment which precludes any further receipt of [t]emporary total disability compensation beyond such 10/06/1995 abandonment pursuant to [*State ex rel. McGraw v. Indus. Comm* (1990), 56 Ohio St.3d 137, 564 N.E.2d 695, and *State ex rel. Louisiana-Pacific Corp. v. Indus. Comm.* (1995), 72 Ohio St.3d 401, 650 N.E.2d 469]. Any temporary total disability paid from 8/16/1996 to date is hereby declared an overpayment and is to be recouped pursuant to R.C. 4123.511(J)."

{¶ 6} Jones appealed, but an SHO affirmed the DHO order denying TTD. The commission refused Jones's further appeal. He then filed this action in the court of appeals and prevailed.

_____

*Ross, Brittain & Schonberg Co., L.P.A.*, and *David P. Pavlik,* for appellant.

_____

***Per Curiam.***

**{¶ 7}** The court of appeals found that the commission had abused its discretion by denying TTD based solely on the February 27, 1996 DHO finding that Jones had voluntarily abandoned his job. That court considered the SHO's finding on appeal—that Jones had not voluntarily left his job—a reversal of the DHO order. The court reasoned that since Jones withdrew his appeal on account of having received unemployment compensation, he had not meant to completely withdraw his appeal and had instead intended only to withdraw his appeal for the period of denied TTD.

**{¶ 8}** We agree. As the court of appeals' magistrate explained:

"[T]he March 25, 1997 [DHO's] order denying TTD from August 16, 1996 forward was based solely on the prior February 27, 1996 [DHO's] order finding that [Jones] had voluntarily abandoned his employment, thereby precluding any further receipt of TTD * * * beyond the October 6, 1995 abandonment. The February 27, 1996 [DHO's] order, however, was modified by the May 2, 1996 [SHO's order], the latter overturning that portion of the [DHO's] finding that [Jones] violated the employer's absenteeism/tardiness policy resulting in a 'voluntary' termination of employment by [Jones].

"Although [Jones] withdrew his appeal at the * * * [SHO] level, it is significant that the basis for his withdrawal, as stated in the [SHO's] order, was that he had 'received unemployment compensation for the same period.' This choice of language by the [SHO] suggests that the appeal withdrawal related only to the period of time during which [Jones] received unemployment benefits.

"However, the issue as to his entitlement to future TTD * * * was not part of that withdrawal. Such entitlement was a separate issue which depended upon whether his termination from employment was 'voluntary' within the principles set forth in *Louisiana-Pacific Corp., i.e.,* whether he had violated a written work rule or policy of the employer. This separate issue was decided by the [SHO] in

[Jones's] favor based upon a finding that [he] made a report of his injury sufficient to apprise the employer of the incident. Upon modification of the [DHO] order by the [SHO], the previous finding of voluntary abandonment was reversed. Thus, the second [DHO] could not rely upon the reversed [DHO] order to deny future TTD * * * at the March 25, 1997 hearing.

"Given that the denial of [Jones's] request for TTD * * * was erroneously based on an overturned [DHO] finding of voluntary abandonment, the commission's denial of [Jones's] requested TTD * * * constitutes an abuse of discretion."

{¶ 9} Accordingly, the court of appeals' judgment granting a writ of mandamus is affirmed. The commission's order denying Jones TTD is vacated, and this cause is returned for the commission to enter a new order granting or denying the requested benefits.

*Judgment affirmed.*

DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

MOYER, C.J., and COOK, J., dissent.

––––––––––––––––––

**COOK, J., dissenting.**

{¶ 10} I respectfully dissent. As Preferred argues, the court of appeals' rationale regarding Jones's intent for withdrawing his appeal was conjecture and, in effect, beside the point. Whatever Jones's reason for withdrawing his appeal, the fact remains that his appeal was dismissed. The SHO's finding that Jones had not voluntarily abandoned his job, therefore, is nothing more than an observation. It is dictum and without legal effect because the SHO no longer had jurisdiction to make that determination. In contrast, the February 27, 1996 DHO's order is *res judicata* as to the issue of whether Jones's 1995 back injury caused his inability to

return to work. See *State ex rel. Bingham v. Riley* (1966), 6 Ohio St.2d 263, 35 O.O.2d 424, 217 N.E.2d 874 (An unappealed administrative order is *res judicata.*).

{¶ 11} Concededly, the withdrawal of his appeal has had consequences that Jones presumably never intended. Even so, the dismissal of his appeal from the commission's jurisdiction precluded that agency and its representatives from further action on it. Accordingly, I would reverse and hold that the commission did not abuse its discretion in denying Jones's second TTD request for the same injury.

MOYER, C.J., concurs in the foregoing dissenting opinion.

_____