[This decision has been published in *Ohio Official Reports* at 97 Ohio St.3d 53.]

THE STATE EX REL. REYNOLDS, APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLANT, ET AL.

[Cite as *State ex rel. Reynolds v. Indus. Comm.*, 2002-Ohio-5352.]

*Workers' compensation—Industrial Commission denies further temporary total disability compensation after claimant voluntarily leaves his former position of employment—Motion for reconsideration denied by commission—Writ of mandamus granted ordering Industrial Commission to consider claimant's eligibility for temporary total disability compensation benefits in light of Baker II.*

(No. 2001-2044—Submitted July 24, 2002—Decided October 16, 2002.)

APPEAL from the Court of Appeals for Franklin County, No. 01AP-51.

_____

**Per Curiam.**

{¶1} Appellee-claimant, Clyde L. Reynolds, was hurt while working for Thrift Stores of Ohio, Inc. Claimant quit his job on March 25, 1999, and appellant Industrial Commission of Ohio denied further temporary total disability compensation ("TTC"), finding that claimant had voluntarily left his former position of employment, following *State ex rel. Baker v. Indus. Comm.* (2000), 87 Ohio St.3d 561, 722 N.E.2d 67 ("*Baker I*").

{¶2} Within days of the commission's decision, *State ex rel. Baker v. Indus. Comm.* (2000), 89 Ohio St.3d 376, 732 N.E.2d 355 ("*Baker II*"), was decided. That case, on reconsideration, vacated the prior decision, which had prohibited TTC for anyone who voluntarily left the former position of employment. *Baker II* instead stated that a claimant who leaves a former position of employment for another job becomes eligible again for TTC if the industrial injury removes the claimant from the later job.

**{¶3}** Citing *Baker II*, claimant immediately—and unsuccessfully—moved for reconsideration. The Court of Appeals for Franklin County, on claimant's petition in mandamus, ordered the commission to reconsider the claim. It did not, however, order further proceedings pursuant to *Baker II*. It instead directed the commission to reconsider the issue of voluntariness—a finding claimant had not contested before the court.

**{¶4}** This cause is now before this court upon an appeal as of right.

**{¶5}** Before *Baker II*, all claimants who voluntarily left their former jobs forever forfeited eligibility for TTC. Today, permanent forfeiture is limited to those whose decision to leave the former position of employment ultimately translates into a voluntary departure from the entire work force. *State ex rel. Wagers v. Indus. Comm.* (2001), 93 Ohio St.3d 218, 754 N.E.2d 777. For those who leave for different employment, renewed eligibility hinges on a single element: Was the claimant removed from later employment by the industrial injury?

**{¶6}** Because *Baker II* was issued just days after the commission's present order denying TTC, claimant's request for reconsideration was neither unexpected nor inappropriate. Two things, however, were: (1) the commission's denial of reconsideration and (2) the court of appeals' reason ordering the commission to vacate that denial.

**{¶7}** The commission asserts that reconsideration was inappropriate because claimant never alleged subsequent employment at the administrative hearing. This begs the question of why he would. Before *Baker II*, subsequent employment was irrelevant. Once voluntary departure was ascertained, inquiry ended.

**{¶8}** The court of appeals did not discount the commission's reasoning and did not feel that an order to consider the question of subsequent employment was necessary. It did, however, order further consideration of the voluntary character of claimant's departure. This was neither necessary nor appropriate.

**{¶9}** Administratively, the claimant did raise the issue of voluntariness. The commission, in turn, concluded that departure was indeed voluntary. Claimant sought reconsideration of the denial of TTC that accompanied that finding, and his motion is the best evidence that the assessment of voluntariness was not being further contested. That motion listed *Baker II* as the *sole* basis for requesting reconsideration. Moreover, claimant's repeated assertion of *Baker II* as controlling was valid only if separation from employment was voluntary. A finding otherwise rendered *Baker II* inapplicable.

**{¶10}** We therefore agree with the court of appeals that reconsideration by the commission is necessary, but for the aforementioned reasons. In light of *Baker II*, exploration is necessary as to whether claimant's injury removed him from later employment. The matter of voluntariness is deemed final. We therefore vacate the judgment of the court of appeals and grant a writ ordering the commission to consider claimant's eligibility in light of *Baker II.*

Writ granted.

MOYER, C.J., DOUGLAS, F.E. SWEENEY, COOK and LUNDBERG STRATTON, JJ., concur.

RESNICK and PFEIFER, JJ., concur in judgment only.

_____

Gibson & Robbins-Penniman and J. Miles Gibson, for appellee.

Betty D. Montgomery, Attorney General, and Jeffrey B. Hartranft, Assistant Attorney General, for appellant.

_____