THE STATE EX REL. NICK STRIMBU, INC., APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Nick Strimbu, Inc. v. Indus. Comm.*, 106 Ohio St.3d 173, 2005-Ohio-4386.]

(No. 2004–0988—Submitted July 26, 2005—Decided September 7, 2005.)

## Per Curiam.

{¶ 1} This is a workers' compensation appeal as of right.

{¶ 2} Appellee Willie E. Marshall Jr. completed an employment application for appellant, Nick Strimbu, Inc. ("Strimbu"), on August 23, 2000. Marshall was asked to list all of his employers for the last ten years. The application also required Marshall to acknowledge by his signature his understanding that "false

or misleading information given in [his] application or interview(s) may result in discharge."

{¶ 3} Marshall was hired by Strimbu as a truck driver in September 2000. On September 12, Marshall was injured when his truck was struck by another, and a workers' compensation claim was allowed. On September 22, Marshall moved appellee Industrial Commission of Ohio for temporary total disability compensation ("TTC").

{¶ 4} On September 27, 2000, James Buchman, Strimbu's Human Resources Director, received a call from Ginny Prokes, an employee of Strimbu's third-party administrator. According to Buchman, Prokes discovered that Marshall had omitted PI&I Motor Express from the list of former employers that he had recorded on his employment application. According to Buchman's notes, Prokes "said if [the] employee falsified his app[lication] or made false statements[, Strimbu] could discharge him and he would not be el[igible] for TT[C]." Strimbu sent Marshall a discharge letter the next day, alleging that he had falsified his employment application.

{¶ 5} Marshall's motion for TTC was heard by a commission district hearing officer ("DHO") on December 8, 2000. Among other defenses, Strimbu proposed that Marshall's firing was a consequence of his voluntary acts and therefore was the abandonment of his position. Strimbu therefore claimed that TTC was barred pursuant to *State ex rel. Louisiana–Pacific Corp. v. Indus. Comm.* (1995), 72 Ohio St.3d 401, 650 N.E.2d 469. The DHO rejected that argument, finding that Marshall had not violated a written work rule, as explained in *Louisiana–Pacific Corp.* Id. at 403, 650 N.E.2d 469. The DHO found insufficient evidence to establish that Marshall had falsified his employment application, noting that inherent in such an action was an intent to deceive. Persuaded by Marshall's testimony that he simply forgot about the omitted employer, the DHO found the requisite intent lacking.

{¶ 6} The commission left that finding intact on appeal. Strimbu thereafter filed a complaint in mandamus in the Court of Appeals for Franklin County, seeking to have the Industrial Commission vacate its order holding that Marshall had not voluntarily abandoned his employment. The court of appeals denied the writ, upholding the commission's reasoning in full.

{¶ 7} A voluntary abandonment of the former position of employment can support TTC denial. *State ex rel. Rockwell Internatl. v. Indus. Comm.* (1988), 40 Ohio St.3d 44, 45, 531 N.E.2d 678. We have continued to reaffirm that principle. *State ex rel. Baker v. Indus. Comm.* (2000), 87 Ohio St.3d 561, 563, 722 N.E.2d 67; *State ex rel. McCoy v. Dedicated Transport, Inc.*, 97 Ohio St.3d 25, 2002-Ohio-5305, 776 N.E.2d 51, ¶ 38.

{¶ 8} Firing can constitute a voluntary abandonment of the former position of employment. *Louisiana–Pacific Corp.*, 72 Ohio St.3d at 403, 650 N.E.2d 469. Although not technically consented to, employment termination is often the result of the claimant's willing conduct, thus giving job loss a voluntary character. *State ex rel. Watts v. Schottenstein Stores Corp.* (1993), 68 Ohio St.3d 118, 121, 623 N.E.2d 1202. Specifically, a voluntary termination is one "generated by the claimant's violation of a written work rule or policy that (1) clearly defined the prohibited conduct, (2) had been previously identified by the employer as a dischargeable offense, and (3) was known or should have been known to the employee." *Louisiana–Pacific Corp.*, 72 Ohio St.3d at 403, 650 N.E.2d 469.

{¶ 9} In the case at bar, the commission found, after being unconvinced that Marshall had violated a written work rule or policy, that Marshall's discharge did not constitute a voluntary abandonment. At issue is a clause in Marshall's employment application that states that by its signing, Marshall understood that "false or misleading information given in [his] application or interview(s) may result in discharge." Marshall's application omitted reference to prior employment with PI&I Motor Express. The litigants' arguments reveal a consensus that an omission—in order to constitute falsification—must be deliberate and motivated by an intent to deceive. Strimbu claimed, at the hearing, that the omission was deliberate and amounted to falsification. Marshall stated that it was inadvertent and that he simply forgot PI&I while attempting to recount all of his employers over the past decade.

{¶ 10} The commission was persuaded by Marshall's testimony, and we—like the court of appeals—defer to that determination. The commission is exclusively responsible for determining evidentiary weight and credibility. *State ex rel. Moss v. Indus. Comm.* (1996), 75 Ohio St.3d 414, 417, 662 N.E.2d 364. Because this determination was within the commission's prerogative and was supported by evidence, we decline to find that it was an abuse of discretion.

{¶ 11} The judgment of the court of appeals is affirmed.

Judgment affirmed.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

---

Hanna, Campbell & Powell, L.L.P., and Lori A. Fricke, for appellant.

Boyd, Rummell, Carach & Curry Co., L.L.P., and Robert J. Curry, for appellee Willie E. Marshall Jr.

Jim Petro, Attorney General, and Stephen D. Plymale, Assistant Attorney General, for appellee Industrial Commission.