### CLINE, Admr v HAMMOND et

Ohio Appeals, 8th Dist, Cuyahoga Co

No. 10365. Decided June 10, 1931

Cline & Patterson, Cleveland, for Cline, Admr.

Calfee, Fogg & White, Cleveland and Miller B. Pennell, for Hammond et.

HORNBECK, PJ, KUNKLE, J, (2nd Dist) and SHERICK, J, (5th Dist), sitting.

KUNKLE, J.

We have considered with care the very exhaustive briefs which have been filed by counsel, but shall not attempt to discuss the authorities therein cited in detail. We shall content ourselves with merely announcing the conclusion at which we have arrived after a consideration of the pertinent sections of our code relating to such proceedings.

Sec 11631 GC prescribes ten different grounds for vacating or modifying a judgment by the Common Pleas Court or the Court of Appeals after the term at which it was entered. The fourth and sixth grounds are as follows:

4. "For fraud practiced by the successful party in obtaining a judgment or order.
6. "For the death of one of the parties before the judgment in the action."

The lower court evidently was of opinion that the provisions of §8572-22 GC constituting a part of the Torrens Act were decisive of this action in favor of the defendants below.

Sec 8572-22 GC among other things provides:

"Such decree shall not, after the expiration of the time for prosecuting error or appeal, be opened by reason of the absence, infancy or other disability of any person affected thereby. Nor by any suit or proceeding at law or in equity for opening up judgments or decrees by reason of a party not having had actual notice of the suit or proceedings; but any person deprived of land or of any estate or interest therein or lien or charge thereon by decree of registration obtained by fraud may file a petition in the case to open up and review the same within one year after the entry of the decree providing no innocent purchaser for

value, mortgagee or lien holder has acquired an interest."

Do the provisions contained in §8572-22 GC render inoperative or by implication repeal the provisions of §11631 GC which state that a judgment may be vacated or modified by the Common Pleas Court or the Court of Appeals after term where one of the parties was dead when the judgment in the action was rendered?

Sec 8572-22 specifically provides for the vacation of a judgment on the ground of fraud, but as above stated, such action must be brought within one year from the date of the decree under the Torrens Act.

Sec 8572-22 GC also specifically provides that the decree shall not be vacated after the expiration of the time for prosecuting error or appeal by reason of the **absence, infancy or other disability** of any person affected thereby.

Does the term "other disability" include the death of one of the parties against whom the decree was taken?

The Torrens Act is a special enactment and following the ordinary rules of statutory construction we are of opinion that this special enactment should not be held as repealing or modifying any of the general provisions of the statute unless there is a clear intent upon the part of the legislature to so modify or rescind such general provisions of the Code. In our opinion the provisions of paragraph 6 of §11631 GC are still in effect unless modified or rescinded by reason of the term **"other disability"** as contained in §8572-22 GC.

, Does the death of one of the parties to the proceeding against whom a decree was taken, fall within the term "other disability."

Webster defines disability as follows:

"Want of legal qualification to do a thing. Legal incapacity; Incompetency or disqualification. 'Absence of competent physical intellectual or moral power, means, fitness or the like."

Disability assumes a living or animate subject. We are of opinion that the legislature in employing the term "other disability" used the same in its ordinary and legal meaning and had no thought of applying such term to a subject not in being.

We have examined the definition of the term "disability" in "Words, and Phrases," and find no definition given in any of the authorities which would warrant its use in referring to an inanimate subject. Various citations are given under Words and Phrases of the term "disability" as applied to life insurance policies. We concede that there would be some difference between the use of the word "disability" in a life insurance policy and in a statute similar to the one in question but we are unable to find any authority which employs or would warrant the use of the term disability in reference to a deceased person.

In the 103 Conn. Rep. at page 706 the court say:

"When the amended petition uses the term disability it manifestly uses it in the sense of incapacity, a use which prevails through the act. If we are right in this, it would follow 'that the amendment we quoted refers to the living and not to the case of death. Neither in this section nor in the entire act was disability used in the sense of death."

The Torrens Act in many of its provisions is quite harsh and we are of opinion that the provisions of this somewhat harsh act should not be extended by judicial construction so as to include conditions which are not expressly contained in the act itself.

The rights, if any, of subsequently acquired holders can be determined when an issue is made by the pleadings.

Entertaining these views we are of opinion that the demurrers should be overruled. The judgment of the lower court will therefore be reversed and cause remanded for such further proceedings as are provided by law.

HORNBECK and SHERICK, JJ, concur.