OPINION *Page 2 
{¶ 1} Defendant-appellant, WHLS of Ohio, LLC ("WHLS"), appeals from a judgment of the Franklin County Court of Common Pleas declaring that R.C. 3314.02(E)(2), which prohibits persons from serving on more than two community school governing authorities at the same time, cannot be constitutionally applied on its effective date to incumbent members of the governing authorities. Because R.C. 3314.02(E)(2) does not apply to, and cannot be enforced against, members of community school governing boards who commenced membership at two or more of such boards prior to the statute's March 30, 2007 effective date, we affirm.
I. Overview and Procedural History {¶ 2} Plaintiffs-appellees are (1) 19 community schools (the "plaintiff schools") and (2) five persons (the "individual incumbent board members"), each of whom was serving terms on two or more community school governing authorities on March 30, 2007. Established under Ohio's Community Schools Act in R.C. Chapter 3314, community schools, also known as charter schools, are legislatively created, independently governed public schools. R.C. 3314.01(B); State ex rel. Ohio Congress ofParents Teachers v. State Bd. of Edn. ("Ohio Congress"),111 Ohio St.3d 568, 2006-Ohio-5512, at ¶ 5. Even though community schools are privately run and must be formed as non-profit or public-benefit corporations, they are not private business "corporations." R.C. 3314.01; 3314.03(A)(1); Ohio Congress, supra, at ¶ 7, ¶ 72. Community schools are part of the state's program of education, and the state entirely funds them. R.C. 3314.01(B); Ohio Congress, at ¶ 7. *Page 3 
 {¶ 3} Every community school enters into, and is governed by, a contract with an authorized "sponsor" who monitors the school's performance and compliance with all laws applicable to the school. R.C. 3314.02(A)(1); 3314.023; and R.C. 3314.03(A) and (D). (Plaintiffs' Responses to WHLS' Requests for Admissions, Requests Nos. 8 and 9.) The Ohio Department of Education, in turn, monitors and oversees the sponsor. R.C. 3314.015. Community schools also contract with an "operator" who manages the schools' operations on a day-to-day basis. R.C. 3314.026. Appellant WHLS is the "operator" for all of the plaintiff schools in this case.
 {¶ 4} By statute, each community school is under the direction of a governing authority that consists of a board of not less than five individuals. R.C. 3314.02(E). The governing authority, or board, is responsible for carrying out the provisions of the contract with the school's sponsor and ensuring the school's compliance with R.C. Chapter 3314 and other applicable law. R.C. 3314.01(B); 3314.03(11) and (14). The school's sponsor approves the initial members of the plaintiff school's governing authority, and the incumbent governing authority appoints subsequent members. R.C. 3314.02(D)(2); 3314.03(A)(14) and (B)(1); Community School Contract and Codes of Regulations, attached as Exhibits A and C to Plaintiffs' Complaint.
 {¶ 5} Pursuant to codes of regulations for the plaintiff schools, persons serve three-year staggered terms of office on a community school governing board or "until such time as they die, resign, or their term expires" or they are "removed by a majority vote of the then serving [board members] with or without cause." (Exhibit C to Plaintiffs' Complaint.) Neither the codes of regulations nor any of the other corporate documents for the plaintiff schools contain provisions relating to the number of governing boards on *Page 4 
which members may serve. (Plaintiffs' Responses to WHLS' Requests for Admissions, Answer to Request No. 7.) Statutes dictate the compensation of governing board members, R.C. 3314.025, and prescribe their duties. See R.C. 3314.03, and R.C. Chapter 3314, generally.
 {¶ 6} Prior to March 30, 2007, applicable statutes did not limit the number of community school governing authorities on which a person could lawfully serve at one time. In December 2006, however, the General Assembly enacted R.C. 3314.02(E)(2), effective March 30, 2007, which provides that "[n]o person shall serve on the governing authorities of more than two start-up community schools at the same time."
 {¶ 7} Two days before the statute's effective date, plaintiffs filed an action requesting declaratory and injunctive relief. Specifically, plaintiffs sought a declaratory judgment that R.C. 3314.02(E)(2) is unconstitutional if applied to them on its effective date because it impermissibly impairs or interferes with the incumbent board members' vested rights and obligations under pre-existing contracts and law by requiring them to resign from all but two community school governing boards. Claiming they are entitled to complete the remainder of the terms on their respective community school governing boards, plaintiffs contended R.C. 3314.02(E)(2) is not enforceable, and defendants must be enjoined from enforcing it, against the individual incumbent board members until they die or resign, other board members remove them, or their respective term on a governing board expires after the statute's March 30, 2007 effective date.
 {¶ 8} On August 22, 2007, the trial court entered judgment for plaintiffs, concluding R.C. 3314.02(E)(2) cannot be constitutionally applied to them on its March 30, 2007 effective date because it would have impermissible retroactive effects. The court *Page 5 
determined that R.C. 3314.02(E)(2) applies prospectively and is enforceable against plaintiffs "at the expiration of the individual Plaintiffs' terms on the various governing boards," at which time "they will be ineligible to be re-appointed to any governing board until they only sit on the requisite two boards." (Decision, 5.)
II. Assignments of Error {¶ 9} WHLS, one of several defendants in this action, appeals and assigns the following errors:
 Assignment of Error No. 1:
 The Trial Court erred in rendering a declaratory judgment that R.C. 3314.02(E)(2) is "retroactive in application and therefore in violation of R.C. 1.48 and Section 28, Article II of the Ohio Constitution" as applied to the individual Plaintiffs-Appellees during their current terms as members of multiple Community School governing boards.
 Assignment of Error No. 2:
 The Trial Court erred in overruling Defendant-Appellant WHLS of Ohio, LLC's July 16, 2007, Motion for Summary Judgment by failing to dismiss Plaintiffs-Appellees' Complaint with prejudice, and by failing to grant a declaratory judgment on WHLS' Counterclaim and Cross-claim that R.C. 3314.02(E)(2) is valid and constitutional, and governs Plaintiffs-Appellees' and Defendant-Appellant WHLS' rights and duties after March 30, 2007.
III. Application of R.C. 3314.02(E)(2) {¶ 10} The assignments of error are interrelated and will be addressed jointly. In them, WHLS contends the trial court correctly determined that R.C. 3314.02(E)(2) applies prospectively only, but the court erred in declaring the statute unconstitutional as applied to the individual incumbent board members on its March 30, 2007 effective date. WHLS asserts R.C. 3314.02(E)(2) validly applies to and governs the rights and duties of all *Page 6 
persons serving terms of office on community school governing boards on and after its March 30, 2007 effective date, and it therefore prohibits the individual incumbent board members from continuing to serve on more than two community school governing boards after that date.
A. The Applicable Principles
 {¶ 11} In evaluating whether a statute applies prospectively or retroactively, courts in Ohio apply two rules. The first is the rule of statutory construction adopted in R.C. 1.48, which establishes a presumption that statutes are prospective in operation unless the legislature expressly declares the statute to be retroactive. SeeHyle v. Porter, 117 Ohio St.3d 165, 2008-Ohio-542, at ¶ 7; Van Fossen v.Babcock Wilcox Co. (1988), 36 Ohio St.3d 100, 105. A statute that is prospective in operation applies to and regulates conduct that occurs after its effective date. See Conkle v. Wolfe (1998),131 Ohio App.3d 375, 383.
 {¶ 12} The second rule, one of constitutional limitation, is contained in Section 28, Article II of the Ohio Constitution and states, in relevant part, that "[t]he general assembly shall have no power to pass retroactive laws, or laws impairing the obligation of contracts; * * *." A retroactive statute is one that "affect[s] acts or facts occurring, or rights accruing, before it came into force." Bielat v. Bielat (2000),87 Ohio St.3d 350, 353, citing Black's Law Dictionary (6 Ed. 1990) 1317. A statute is impermissibly retroactive in effect if either it takes away or impairs rights that vested or accrued before the statute came into force or it attaches a new disability in respect to past transactions or considerations. State ex rel. Matz v. Brown (1988), 37 Ohio St.3d 279,281, citing Soc. for the Propagation of the Gospel v. Wheeler
(C.C.D.N.H. 1814), 22 F.Cas. 756, 767. A "disability" is a legal *Page 7 
disqualification or incapacity in the eyes of the law to perform some function. See Cline v. Hammond (1931), 48 Ohio App. 228, 233; Black's Law Dictionary (8 Ed. 2004) 484. A statutory provision that attaches a new disability to a past transaction or consideration is not invalid unless the past transaction or consideration created at least a "reasonable expectation of finality." Matz, at 281.
 {¶ 13} In reviewing the legislative enactments and interpreting statutory authority, our review is de novo. State v. Consilio,114 Ohio St.3d 295, 2007-Ohio-4163, at ¶ 8; Ohio Congress, supra, at ¶ 20. Because R.C. 1.48 establishes a threshold analysis which must be utilized prior to an inquiry under Section 28, Article II of the Ohio Constitution, we first must determine whether R.C. 3314.02(E)(2) is expressly made retroactive. Van Fossen, paragraph one of the syllabus;Hyle, at ¶ 8; Consilio, at ¶ 10. In making our determination, we must not infer retroactivity; rather, R.C. 3314.02(E)(2) must "clearly proclaim" its own retroactivity to overcome the presumption that it applies prospectively. See Consilio, paragraph one of the syllabus. If R.C. 3314.02(E)(2)'s retroactivity is not expressly proclaimed, the statute applies prospectively, and we do not reach the constitutional question. Consilio, at ¶ 10; Hyle, at ¶ 9, ¶ 24, citing Van Fossen, supra, at 106.
 {¶ 14} The text of R.C. 3314.02(E)(2) does not contain any clear or express language indicating the General Assembly intended it to be retroactive in application, and the parties do not argue otherwise. The General Assembly's failure to include such language means the statute can be applied prospectively only. Accordingly, the necessary analysis relates to the prospective operation of the statute.
 {¶ 15} The "presumption is that the legislature intends a statute to take effect at the time it declares the statute shall be in effect * * *." U.S.X. Corp. v. Ohio Unemp. *Page 8 Comp. Bd. of Rev. (1990), 70 Ohio App.3d 566, 570, citing State ex rel.Harness v. Roney (1910), 82 Ohio St. 376, paragraph one of the syllabus, followed in State ex rel. Conn v. Noble (1956), 165 Ohio St. 564, 569. Thus, presuming that R.C. 3314.02(E)(2) takes effect and prospectively applies on its March 30, 2007 effective date to conduct that occurs after that date, the question is whether the statute applies as of its effective date to board members serving on more than two community school governing boards at the same time who began their terms of office on the boards before the statute became effective.
B. The Trial Court's Decision
 {¶ 16} The trial court determined that although R.C. 3314.02(E)(2) is not explicitly retroactive, it would have an impermissible retroactive effect in violation of R.C. 1.48 and Section 28, Article II of the Ohio Constitution, if it were applied to the individual incumbent board members on its effective date. The court explained that when the individual incumbent board members were appointed to their positions on the various governing boards, they were each appointed to terms of a set number of years and had a reasonable expectation they would serve out their complete terms of office on the governing boards. If, the court reasoned, R.C. 3314.01(E)(2) were applied to plaintiffs on its effective date, it would impose a "disability" upon them with respect to a past transaction "by retroactively going back and shortening their terms on the respective governing boards" and negating their "reasonable expectations in serving out the remainder of their current terms on the governing boards." (Decision, 4, 6.)
 {¶ 17} With that predicate, the court concluded the statute validly can be enforced against the individual incumbent board members only when they complete the remainder *Page 9 
of their respective terms on the various community school governing boards. In so concluding, the court specifically ruled that "the individual Plaintiffs will be permitted to serve out the remainder of their respective terms on the governing boards" and "[a]t the expiration of their terms, the individual Plaintiffs will be prohibited from being re-appointed to any governing board until they are only serving on the requisite two governing boards." (Decision, 6.) Continuing, the court elaborated that "over the next couple of years as the individual Plaintiffs' terms on the governing boards expire, Plaintiffs as a whole will slowly come into compliance with the mandates of R.C. 3314.02(E)(2)." Id.
C. Application of Law to Trial Court's Decision
 {¶ 18} Although the trial court correctly concluded that R.C. 3314.02(E)(2) is prospective in operation, the trial court erred to the extent it addressed the statute's constitutionality under Section 28, Article II of the Ohio Constitution. Consilio, supra, at ¶ 10;Hyle, supra, at ¶ 9; Van Fossen, supra, at 106. Rather, because the statute by its terms does not apply retroactively, the trial court did not need to analyze the statute to determine whether it has a constitutionally prohibited retroactive effect. The issue then resolves to what prospective application means for purposes of applying R.C. 3314.02(E)(2) prospectively.
 {¶ 19} Hyle, supra, addressing former R.C. 2950.031 and its restriction on where convicted sex offenders may live in geographic proximity to a school, is one of the Supreme Court's most recent application of the rules regarding prospective and retrospective application of statutory provisions. After applying the principles set forth in R.C. 1.48 and Section 28, Article II of the Ohio Constitution, the Supreme Court determined the legislature did not include a clear declaration to apply former *Page 10 
R.C. 2950.031 retroactively, either in the statute's description of convicted sex offenders or its description of prohibited acts. As a result, the court concluded the statute only could be applied prospectively. Pertinent to resolving the issue before us, the Supreme Court's holding reveals what prospective application means: it states that former R.C. 2950.031 "does not apply to an offender who bought his home and committed his offense before the effective date of the statute."Hyle, at syllabus.
 {¶ 20} The Supreme Court in Hyle thus did not apply the statute to those who, by virtue of past crime and residence, were violating the terms of the statute on the day it became effective. Nor did it engage in an analysis of the rights involved to determine whether they were vested or not relative to applying the statute to past crimes and residence; such an analysis suggests constitutional scrutiny in the face of retroactive application, a review unnecessary when a statute is to be applied prospectively only. It simply determined the statute's prospective application meant it did not apply to things that occurred prior to the statute's effective date, as that would be a retroactive application. Bielat, supra, at 353 (noting that a retroactive statute is one that "affect[s] acts or facts occurring, or rights accruing, before it came into force").
 {¶ 21} Similarly, here, the statute does not apply to those who are serving on more than two community school boards by virtue of having begun that service before the date R.C. 3314.02(E)(2) became effective. Nor do we need to determine whether the statute has an unconstitutionally retroactive effect, because we apply it only prospectively, as the Supreme Court did in Hyle. Consistent withHyle, the statute here does not apply to a person who commences board membership on more than two community school boards *Page 11 
before the statute's effective date. Because that is the result the trial court reached, albeit for different reasons, we overrule WHLS' two assignments of error.
 {¶ 22} Having overruled WHLS' assignments of error, we affirm the judgment of the trial court.
Judgment affirmed.
 McGRATH, P.J., and BROWN, J., concur. *Page 1