[Cite as *State ex rel. Ohio State Univ. v. Pratt*, 2021-Ohio-3420.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State ex rel. The Ohio State University,          :

          Relator,          :

v.          :          No.  19AP-603

Lori Pratt et al.,          :          (REGULAR CALENDAR)

          Respondents.          :

---

D E C I S I O N

Rendered on September 28, 2021

---

**On brief:** *Andy Bowers & Assoc., LLC,* and *Donald P. Beck,* for relator.

**On brief:** *Agee, Clymer, Mitchell & Portman,* and *Eric B. Cameron*, for respondent Lori Pratt.

**On brief:** *Dave Yost,* Attorney General, *Cindy Albrecht,* for respondent Industrial Commission of Ohio.

---

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

MENTEL, J.

{¶ 1}  Relator, The Ohio State University ("Ohio State"), brings this original action seeking a writ of mandamus ordering respondent, Industrial Commission of Ohio ("Commission"), to vacate its order awarding temporary total disability ("TTD") to respondent, Lori Pratt, and enter an order denying disability compensation based on Pratt voluntarily abandoning her employment.

## I.  FACTS AND PROCEDURAL HISTORY

{¶ 2}  This matter was referred to a magistrate pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals. The magistrate issued the appended decision,

including findings of fact and conclusions of law, recommending this court issue a writ of mandamus ordering the Commission to vacate its order awarding TTD compensation after July 5, 2017 and enter an order awarding such compensation only to that date.

{¶ 3}    The Commission and Pratt filed objections to the magistrate's decision on February 9 and 11, 2021, respectively. Relator filed a combined limited objection to the findings of fact and a brief in support of the magistrate's decision on February 19, 2021. We will address each objection in turn.

## II. OBJECTIONS AND LEGAL ANALYSIS

### A.  Objections of Lori Pratt and Industrial Commission of Ohio

{¶ 4}    In her first objection, Pratt argues that the magistrate erred in its interpretation of the voluntary abandonment test under *State ex rel. Klein v. Precision Excavating & Grading Co.*, 155 Ohio St.3d 78, 2018-Ohio-3890.   Similarly, the Commission argues that the magistrate erred in its reliance on *Klein* as it is factually distinguishable from the instant case. For harmony of analysis, we will address both objections together.  A brief review of *Klein* is instructive.

{¶ 5}    In *Klein,* the claimant was injured while working for Precision Excavating on November 5, 2014. Klein's workers' compensation claim was allowed after suffering fractured ribs and traumatic hemopneumothorax in the accident. The treating physician issued a report that claimant was temporarily unable to work from the date of the accident through January 5, 2015.  Klein filed a request for TTD compensation based on the report. At the hearing before the district hearing officer, claimant stated that he had been planning to move to Florida prior to the injury. There was testimony that claimant had informed the controller for Precision Excavating that he was moving to Florida on October 31, 2014, nearly a week before the injury.  There was also evidence presented that claimant had told coworkers that he intended to move to Florida and had already given his two-week notice. *Klein* at ¶ 7.  The district hearing officer granted claimant's TTD compensation claim for the closed period of November 6 through 19, 2014 finding that claimant voluntarily terminated his employment on November 20, 2014 for reasons unrelated to the workplace injuries. The order was affirmed by the staff hearing officer and the Commission refused additional appeals. The claimant filed a complaint in mandamus arguing the Commission abused its discretion limiting the claimant's TTD award to the period ending November 19,

2014. Relying on *State ex rel. Reitter Stucco, Inc. v. Indus. Comm.*, 117 Ohio St.3d 71, 2008-Ohio-499, this court concluded that, because claimant was medically unable to return to work, he was unable to voluntarily abandon his employment on that date. The Supreme Court of Ohio, overruling *Reitter Stucco* and *State ex rel. OmniSource Corp. v. Indus. Comm.*, 113 Ohio St.3d 303, 2007-Ohio-1951, reversed the decision reasserting the fundamental tenet of eligibility for TTD compensation that the injury must cause the claimant's loss of earnings. The *Klein* court wrote:

> [W]hen a claimant removes himself from employment for reasons unrelated to the work-related injury, he is no longer eligible for temporary-total-disability compensation. *Id.* at ¶ 38. In those circumstances, the voluntary abandonment— and not the injury—causes the loss of wages. *Id.* We have applied this logic whether the claimant's voluntary abandonment of his position resulted from termination from employment for the knowing violation of a written work rule that clearly defined a dischargeable offense, *State ex rel. Louisiana-Pacific Corp. v. Indus. Comm.*, 72 Ohio St.3d 401, 1995-Ohio-153, 650 N.E.2d 469 (1995), from incarceration, *Ashcraft*, 34 Ohio St.3d 42, 517 N.E.2d 533, or from retirement, *State ex rel. Pierron v. Indus. Comm.*, 120 Ohio St.3d 40, 2008-Ohio-5245, 896 N.E.2d 140.
>
> And most importantly for the matter before us, we have concluded that an employee who quit his job for reasons unrelated to his workplace injury was ineligible for temporary-total-disability compensation. *State ex rel. McGraw v. Indus. Comm.*, 56 Ohio St.3d 137, 564 N.E.2d 695 (1990).

*Id.* at ¶ 19-20.

{¶ 6} There are several factual similarities between *Klein* and the instant case. In *Klein*, there was evidence that the claimant had provided some notice of his departure from his place of employment and abandoned the position despite being injured. Here, the evidence is largely undisputed that respondent submitted her two-week notice from her position as the Food and Beverage Director at the Blackwell Inn on June 20, 2017, four days prior to the date of injury. Respondent ultimately accepted a new position with Sweet Carrot as evidenced by the signed agreement dated June 28, 2017. Therefore, under *Klein*, Pratt was foreclosed from receiving TTD compensation after she had voluntarily abandoned her position on July 5, 2017. While the Commission argues that "Pratt did not

voluntarily abandon the workforce based upon the employment offer," that is not the test. (Objs. to the Mag.'s Decision of Jan. 28, 2021 of Respondent Indus. Comm. at 2.) Under *Klein*, we must look at whether respondent voluntarily removed herself from her former position of employment, even if the claimant remains disabled at the time of her separation from employment. *Klein* at ¶ 30. The *Klein* court reasoned:

> [T]he problems in *Reitter Stucco* and *OmniSource* arose from the following statement in *Pretty Prods*: " '[A] claimant can abandon a former position or remove himself or herself from the work force only if he or she has the physical capacity for employment at the time of the abandonment or removal.' " (Brackets sic.) *Pretty Prods.*, 77 Ohio St.3d at 7, 670 N.E.2d 466, quoting *State ex rel. Brown v. Indus. Comm.*, 68 Ohio St.3d 45, 48, 1993- Ohio 141, 623 N.E.2d 55 (1993). Our holding today forecloses any continued reliance on that statement in future temporary-total-disability cases.

(Sic passim.) *Klein* at ¶ 30. *See also State ex rel. Hamilton v. Indus. Comm.,* 10th Dist. No. 19AP-510, 2021-Ohio-1824 (concluding that the Commission did not abuse its discretion denying the employee's application for TTD compensation as there was some evidence that the employee voluntarily abandoned her employment).

{¶ 7}    Here, Pratt voluntarily removed herself from her former position at the Blackwell Inn, despite her injury at the time of separation from employment.  In both *Klein* and the instant case, the industrial injury was not the cause of the worker's loss of earnings, but a voluntary decision to leave their respective places of employment. Given the factual similarities between the cases, *Klein* is the controlling authority in this matter.

{¶ 8}    Pratt next argues that she was medically unable to return to her previous position of employment satisfying the "former position of employment" standard.  Pratt also contends that the magistrate applied the phrase "former position of employment" out of context.  We disagree.

{¶ 9}    The *Klein* court wrote:

> We have defined temporary-total disability as "a disability which prevents a worker from returning to his former position of employment." *State ex rel. Ramirez v. Indus. Comm.*, 69 Ohio St.2d 630, 433 N.E.2d 586 (1982), syllabus. Accordingly, we have recognized that it would not serve the purpose of temporary-total-disability         compensation         to         award compensation to a worker whose own actions, and not his

workplace injury, have prevented his return to his former position of employment. *Ashcraft*, 34 Ohio St.3d at 43-44, 517 N.E.2d 533. When an employee voluntarily undertakes some action that precludes a return to employment, the employee is not entitled to temporary-total-disability compensation "because the purpose for which [temporary-total-disability compensation] was created * * * no longer exists." *State ex rel. Baker v. Indus. Comm.,* 89 Ohio St.3d 376, 380, 2000-Ohio-168, 732 N.E.2d 355 (2000); *see also McGraw* 56 Ohio St.3d at 139 (worker who quit his job for reasons unrelated to injury was not entitled to compensation because "his own actions eliminated any opportunity for return").

By authorizing compensation to workers who by their own actions have prevented their return to their former position of employment, *Reitter Stucco* and *OmniSource* contravene both our precedent and the purpose of temporary-total-disability compensation.

*Id.* at ¶ 22-23.

{¶ 10} After careful review of the record, we find the magistrate's decision accurately reflects the analysis in *Klein* and applied the phrase "former position of employment" as intended. The *Klein* court found that when a claimant voluntarily removes himself/herself from the former position of employment, "even if the claimant remains disabled at the time of his separation," he/she is no longer eligible for TTD compensation. *Klein* at ¶ 29. While respondent is correct that workers' compensation statutes generally are to be liberally construed in favor of employees, under *Klein*, we cannot provide employment benefits to a claimant that voluntarily removed herself from her former position of employment for reasons unrelated to the workplace injury.

{¶ 11} Accordingly, we overrule Pratt and the Commission's first objection.

{¶ 12} In Pratt's second objection, she argues the " 'voluntary abandonment' test under *Klein* does not preclude recovery because Pratt's separation from her employment was solely caused by her injury." (Pratt's Brief at 10.) Specifically, Pratt argues that the magistrate's interpretation is unjust as it would result in Pratt's two-week notice acting functionally the same as the renouncement of all rights. We disagree.

{¶ 13} As set forth in *Klein*, when a workers' compensation claimant voluntarily removes himself from his former position of employment for reasons unrelated to the

injury, the claimant is no longer eligible for TTD compensation, regardless of whether the claimant remains disabled at the time of his separation. *Klein* at ¶ 29. Here, Pratt did not lose her rights when she submitted her resignation. Pratt did, however, abandon those protections with relator after July 5, 2017 by voluntarily removing herself from the former position of employment. The magistrate's decision correctly identified the scope of Pratt's TTD eligibility by recommending an award for TTD compensation up to July 5, 2017, Pratt's last date of employment.

{¶ 14} Pratt also argues "[i]f this interpretation of announcements of resignations holds, then a worker who ever openly contemplates leaving their employment has effectively revoked their right to participate in workers' compensation." (Pratt's Brief at 11.) This argument is without merit. Pratt did not "openly contemplate[] leaving" but provided notice to relator that she was, in fact, leaving her position at the Blackwell Inn. We do not agree that considering leaving a position equates to notifying an employer that you will be resigning in two weeks. For these reasons, we overrule Pratt's second objection.

{¶ 15} In Pratt's third objection, she argues that relator is not entitled to mandamus because the Commission did not have a clear legal duty to provide the relief sought by Ohio State. Specifically, Pratt argues that, because "the law clearly supports the commissions [sic] application of law to the facts and the record is by no means devoid of evidence that supports the commission's decision, the writ of mandamus is improperly recommended." (Emphasis omitted.) (Pratt's Brief at 12.)

{¶ 16} As discussed in the magistrate's decision, a clear legal right to a writ of mandamus exists when relator demonstrates that the Commission abused its discretion entering an order that is not supported by any evidence in the record. *State ex rel. Elliott v. Indus. Comm.*, 26 Ohio St.3d 76, 78 (1986). When the record contains some evidence to support the Commission's findings, there is no abuse of discretion and the writ of mandamus should be denied. *State ex rel. Lewis v. Diamond Foundry Co.*, 29 Ohio St.3d 56, 58 (1987).

{¶ 17} Pursuant to R.C. 4123.52(A), "[t]he jurisdiction of the industrial commission * * * over each case is continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified." Continuing jurisdiction is only permitted when there is evidence to support " '(1)

new and changed circumstances, (2) fraud, (3) clear mistake of fact, (4) clear mistake of law, or (5) error by [an] inferior tribunal.' " *State ex rel. Neitzelt v. Indus. Comm.*, 160 Ohio St.3d 175, 2020-Ohio-1453, ¶ 11, quoting *State ex rel. Nicholls v. Indus. Comm.*, 81 Ohio St.3d 454, 458-59 (1998). A clear mistake of law exists when the hearing officer applies the wrong law to the facts in the administrative record. *State ex rel. Waste Mgmt. of Ohio, Inc. v. Indus. Commn.*, 10th Dist. No. 19AP-453, 2021-Ohio-2478, ¶ 45, citing *State ex rel. McNea v. Indus. Comm.*, 131 Ohio St.3d 408, 2012-Ohio-1296, ¶ 10.

**{¶ 18}** In the case sub judice, the Commission's determination that the hearing officer did not make a clear mistake of law is based on an incorrect interpretation of *Klein.* As set forth previously, *Klein* held that a claimant that voluntarily abandoned his/her employment, not the entire workforce, for reasons unrelated to the injury is ineligible from TTD compensation regardless of whether he/she is injured at the time of the separation. Here, Pratt provided two-week notice to her former place of employment on June 20, 2017, four days prior to the date of injury. Under *Klein*, claimant's voluntary removal from her position at the Blackwell Inn precluded TTD compensation after July 5, 2017. Therefore, the hearing officer misapplied *Klein* to the facts of the case by awarding TTD compensation beyond that period. Accordingly, the Commission should have exercised continuing jurisdiction based on a clear mistake of law. Pratt's third objection is overruled.

**{¶ 19}** In Pratt's fourth objection, she argues that the magistrate erred in failing to consider the public policy implications caused by the decision.

**{¶ 20}** The Ohio General Assembly's modification to R.C. 4123.56(F) reads as follows:

> If an employee is unable to work or suffers a wage loss as the direct result of an impairment arising from an injury or occupational disease, the employee is entitled to receive compensation under this section, provided the employee is otherwise qualified. If an employee is not working or has suffered a wage loss as the direct result of reasons unrelated to the allowed injury or occupational disease, the employee is not eligible to receive compensation under this section.

**{¶ 21}** The revised language continues stating that it is the intent of the Ohio General Assembly that this amended language "supersede[s] any previous judicial decision that applied the doctrine of voluntary abandonment to a claim brought under this section." R.C.

4123.56(F).  The statute does not state that it must be applied to cases under consideration or that past cases were wrongly decided.  Without such a mandate, we must operate under " 'the presumption against retroactive legislation [which] is deeply rooted in our jurisprudence, and embodies a legal doctrine centuries older than our Republic.' " *State v. Walls*, 96 Ohio St.3d 437, 2002-Ohio-5059, ¶ 9, quoting *Landgraf v. USI Film Prods.,* 511 U.S. 244, 265 (1994). While we recognize that respondent's claim falls within the limited group of those claimants affected before the statute took effect but after *Klein*, we can neither ignore the controlling case law nor retroactively apply R.C. 4123.56(F) when the General Assembly has provided no support for such an interpretation. The Commission acknowledges as much stating "the commission agrees with the Magistrate that R.C. 4123.56(F) should be applied prospectively, and not retroactively." (Commission's Brief at 2.) Moreover, we also agree with the magistrate that even if the statute was applied retroactively, it would violate the Ohio Constitution as the award of TTD reflects a substantive right. *See State ex rel. Matz v. Brown*, 37 Ohio St.3d 279, 281 (1988) (concluding "a later enactment will not burden or attach a new disability to a past transaction or consideration in the constitutional sense, unless the past transaction or consideration, if it did not create a vested right, created at least a reasonable expectation of finality"). Given that this case is limited in its application going forward, respondent's public policy argument that employees recovering from injuries sustained at work will be deterred from announcing resignations before the actual date of resignation is unpersuasive.  While we can appreciate respondent's position, we have no basis in the law to support such an argument.  Accordingly, Pratt's fourth objection is overruled.

### B.  The Ohio State University's Limited Objection

{¶ 22}  Ohio State filed a limited objection to the findings of fact that the magistrate erred arguing "the final order of the Industrial Commission was not issued/mailed, until May 24, 2019" not August 23, 2018 as the magistrate purported stated in its decision. (Ohio State's Brief at 3.)  Upon further review, we acknowledge that the magistrate's decision does not contain a clear and definitive determination as to the date at issue, and it is worth clarifying the timeline of events in this decision.  On August 23, 2018, the Commission heard relator's motion for reconsideration and took the matter under advisement for further review.  On April 23, 2019, the Commission declined jurisdiction on the alleged

mistake of law claim raised by relator. It was not until May 24, 2019 that the Commission's decision was mailed to the parties.

{¶ 23} Accordingly, we sustain relator's objection to the extent it clarifies the timeline of events.

## III. CONCLUSION

{¶ 24} Following an independent review of this matter, we find the magistrate has properly determined the facts and applied the appropriate law, as amended herein. Therefore, we adopt the magistrate's decision as our own, including findings of fact and conclusions of law as amended herein. In accordance with the magistrate's decision, we grant relator's request for a writ of mandamus.

*Objections sustained in part;*
*writ of mandamus granted.*

SADLER and BEATTY BLUNT, JJ., concur.

_____

# A P P E N D I X

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. The Ohio State University, | : | |
| Relator, | : | |
| v. | : | No. 19AP-603 |
| Lori Pratt et al., | : | (REGULAR CALENDAR) |
| Respondents. | : | |

## M A G I S T R A T E ' S   D E C I S I O N

### Rendered on January 28, 2021

*Andy Bowers & Assoc., LLC,* and *Donald P. Beck,* for relator.

*Agee, Clymer, Mitchell & Portman,* and *Eric B. Cameron,* for respondent Lori Pratt.

*Dave Yost,* Attorney General, *Douglas R. Unver,* for respondent Industrial Commission of Ohio.

## IN MANDAMUS

{¶ 25} Relator, The Ohio State University ("OSU"), brings this original action seeking a writ of mandamus ordering respondent, the Industrial Commission of Ohio ("commission"), to vacate its order granting temporary total disability ("TTD") to respondent, Lori Pratt, and enter an order denying such compensation on the basis that Pratt has voluntarily abandoned her employment. OSU also seeks recoupment of amounts paid under the order currently in force.

Findings of Fact:

{¶ 26} 1. OSU is a self-insured employer participating in Ohio's worker's compensation program.

{¶ 27} 2. Pratt worked as a food and beverage manager at OSU's Blackwell Inn facility. On June 20, 2017, Pratt submitted her resignation effective July 5, 2017, thereby giving OSU two weeks' notice. (Stip. at 1.)

{¶ 28} 3. In the course and scope of her continued employment after submitting her resignation but before the effective date of resignation, Pratt sustained injuries on June 24, 2017 when she fell on her elbow. (Stip. at 4). Pratt did not return to work for OSU after the day of injury. (Stip. at 9.)

{¶ 29} 4. Pratt filed her "First Report of an Injury" form with the Ohio Bureau of Workers' Compensation ("BWC") on July 13, 2017. (Stip. at 4.)

{¶ 30} 5. Pratt's claim was allowed for Displaced Fracture Olecranon Process with Intra-Articular Extension Right Ulnar; Injury Right Ulnar Nerve Unspecified. (Stip. at 7.) Pratt underwent surgery on June 27, 2017 related to the workplace injury, and again on May 29, 2018 to remove hardware. (Stip. at 37, 48.)

{¶ 31} 6. Pratt initially received TTD compensation without opposition from OSU.

{¶ 32} 7. On November 21, 2017, OSU filed a motion to terminate TTD and for a finding of overpayment. (Stip. at 5.) OSU supported the motion with documentation of Pratt's letter of resignation, a copy of OSU's transitional work policy prepared by the office of human resources, and a copy of a BWC "Medco-14" form indicating that Pratt was medically released to return to work with the limitation of no use of her right upper extremity. (Stip. at 30.) OSU furnished copies of internal correspondence indicating that OSU would have accommodated Pratt in her previous position with the stated limitation. (Stip. at 31-32.)

{¶ 33} 8. The motion to terminate was heard before a commission district hearing officer ("DHO"), who mailed an order on February 24, 2018 granting the motion to terminate and finding that all TTD amounts paid for the period after Pratt's resignation letter date of June 20, 2017 (in substance, all amounts paid) were improperly paid and subject to non-fraud recoupment. (Stip. at 7.) The DHO's order in effect considered that Pratt's resignation was effective for TTD purposes on the date she gave her two-week notice, June 20, 2017, rather than Pratt's proposed final workday of July 5, 2017.

{¶ 34} 9. Pratt, previously unrepresented, retained counsel and appealed the DHO's order.

{¶ 35} 10. On March 6, 2018, counsel for Pratt filed as evidence a copy of an employment agreement between Pratt and Sweet Carrot LLC concerning a position as assistant manager. The agreement is presented as an offer of employment over the name of Keyomah Shakoor, Sweet Carrot's human resources manager, and signed for acceptance by Pratt. Pratt's signature is not dated but the document bears a date of June 28, 2017 above the salutation. The agreement does not specify a start date for employment. (Stip. at 2-3.)

{¶ 36} 11. Pratt's appeal was heard before a commission staff hearing officer ("SHO") on April 20, 2018. (Stip. at 9.) The SHO mailed an order on May 24, 2018 vacating the DHO's order and granting TTD:

> The Staff Hearing Officer finds that the employment offer from Sweet Carrot corroborates the Injured Worker's persuasive statements at today's hearing that she did not voluntarily abandon the workforce when she announced her resignation from employment with the Employer of Record on 06/20/2017. Prior to writing the 06/20/2017 letter, the Injured Worker had been in discussion with the hiring personnel from Sweet Carrot for a new job. The Injured Worker stated at hearing that she had been employed with the Employer of Record as a "Food/Beverage" Director for the past 10 years and she was merely looking for different employment opportunities at the time she signed the 06/20/2017 resignation letter. The Staff Hearing Officer, therefore, concludes from the circumstances surrounding the Injured Worker's plan to leave her job on 07/05/2017 that she did not intend to abandon the workforce.

(Stip. at 10.)

{¶ 37} 12. OSU brought further appeal before the full commission. By order mailed June 13, 2018, the commission denied the appeal.

{¶ 38} 13. OSU then filed for reconsideration. The commission issued an interlocutory order on July 18, 2018, setting aside its June 13, 2018 denial of the appeal, and setting both the merits and the question of continuing jurisdiction for hearing.

{¶ 39} 14. The commission heard the matter on August 23, 2018. By a two-to-one vote, the commission denied continuing jurisdiction and upheld the SHO order granting TTD. The dissenting commissioner wrote an opinion stating that there was a clear mistake of law in the SHO's order that would have supported continuing jurisdiction, because the SHO's order misinterpreted and misapplied the Supreme Court of Ohio's case law to disregard the pivotal fact that Pratt had voluntarily abandoned her employment with OSU through resignation, and the SHO had instead wrongly emphasized that Pratt did not intend to abandon the workforce generally, a factor the dissenting commissioner deemed irrelevant for TTD eligibility. The dissenting commissioner clarified that TTD would still have been payable for the period between injury on June 24, 2017 and effective date of resignation of July 5, 2017. (Stip. at 23.)

{¶ 40} 15. OSU filed its complaint in mandamus in this court on September 11, 2019.

Discussion and Conclusions of Law:

{¶ 41} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, a relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967). A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order that is not supported by any evidence in the record. *State ex rel. Elliott v. Indus. Comm.*, 26 Ohio St.3d 76 (1986). On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. *State ex rel. Lewis v. Diamond Foundry Co.*, 29 Ohio St.3d 56 (1987). Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. *State ex rel. Teece v. Indus. Comm.*, 68 Ohio St.2d 165 (1981).

{¶ 42} This case presents a single issue of law to be decided upon facts which, at this level of review, are essentially undisputed: Did Pratt become ineligible for TTD benefits when she gave formal notice of resignation prior to her injury? The question turns on whether the TTD claimant's conduct must be assessed under a standard considering abandonment of the workforce generally, or mere abandonment of the job held at the time

of injury. The parties and commission rely on different cases stating precedent from the Supreme Court, and a recent statutory enactment also bears on the question.

{¶ 43} TTD compensation awarded pursuant to R.C. 4123.56 is compensation for wages lost where a claimant's injury prevents a return to the former position of employment. Upon that predicate, TTD compensation shall be paid to a claimant until one of four things occurs: (1) the claimant has returned to work; (2) the claimant's treating physician provides a written statement that the claimant is able to return to the former position of employment; (3) work within the physical capabilities of the claimant is made available by the employer or another employer; or (4) the claimant has reached maximum medical improvement. R.C. 4123.56(A); *State ex rel. Ramirez v. Indus. Comm.*, 69 Ohio St.2d 630 (1982); *State ex rel. Cugini v. Timkin Co.*, 10th Dist. No. 18AP-261, 2019-Ohio-3013, ¶ 25 (Mag.'s decision appended to court's decision).

{¶ 44} An older line of cases from the Supreme Court states that, when a claimant was disabled at the time of retirement, resignation, or other termination of employment, the inability to work due to allowed conditions was the essential factor, and overrode any facially voluntary aspect of the subsequent unemployment. *State ex rel. Reitter Stucco, Inc. v. Indus. Comm.*, 117 Ohio St.3d 71, 2008-Ohio-499; *State ex rel. Pretty Prods., Inc. v. Indus. Comm.*, 77 Ohio St.3d 5 (1996). In other words, "a claimant can abandon a former position of employment only if the claimant was physically capable of doing that job at the time of the alleged abandonment." *State ex rel. OmniSource Corp. v. Indus. Comm.*, 113 Ohio St.3d 303, 2007-Ohio-1951, citing *Pretty Prods.* Under this line of cases, even if the abandonment appeared voluntary, there would still be a consideration of the degree of disability at the date of termination. *Reitter Stucco* at ¶ 11, citing *Pretty Prods.*

{¶ 45} More recently, the Supreme Court returned to a restrictive view of whether the allowed conditions must be the actual cause of the worker's loss of earnings. In *State ex rel. Klein v. Precision Excavating & Grading Co.*, 155 Ohio St.3d 78, 2018-Ohio-3890, ¶ 17, decided September 27, 2018, the Supreme Court expressly overruled its prior decisions in *Reitter Stucco* and *OmniSource*, and partially overruled *Pretty Prods.,* finding those decisions were unworkable in application and led to disparate results. The Supreme Court also concluded that its prior decisions improperly contradicted the fundamental legislative tenet of eligibility for TTD compensation: the industrial injury must be the *cause*

of the worker's loss of earnings. *Klein* at ¶ 18. The court in *Klein,* installed a bright-line test that would apply to bar TTD in cases of voluntary abandonment, without reference to the claimant's physical ability to work. This test would apply across all circumstances, whether the purportedly voluntary abandonment of the worker's position resulted from termination of employment for violation of work rules that clearly define a dischargeable offense, from incarceration, or from retirement. *Id.* at ¶ 19.

{¶ 46} The Ohio legislature then passed H.B. No. 81, which modified R.C. 4123.56 by adding the following entirely new language:

> (F) If an employee is unable to work or suffers a wage loss as the direct result of an impairment arising from an injury or occupational disease, the employee is entitled to receive compensation under this section, provided the employee is otherwise qualified. If an employee is not working or has suffered a wage loss as the direct result of reasons unrelated to the allowed injury or occupational disease, the employee is not eligible to receive compensation under this section. *It is the intent of the general assembly to supersede any previous judicial decision that applied the doctrine of voluntary abandonment to a claim brought under this section.*

(Emphasis added) R.C. 4123.56(F), effective Sept. 15, 2020.

{¶ 47} The first question to resolve in this case, then, is a determination of the governing law, since the legal standards for TTD eligibility proposed by the parties based on their preferred Supreme Court case law, and the subsequent enactments by the legislature, would yield varying results.

{¶ 48} The retroactive validity of R.C. 4123.56(F) has yet to be examined by the judges of this court or the Supreme Court of Ohio. In reviewing such legislative enactments, the magistrate is compelled to consider a matter of first impression. *State v. Consilio*, 114 Ohio St.3d 295, 2007-Ohio-4163, ¶ 8. R.C. 1.48 provides: "A statute is presumed to be prospective in its operation unless expressly made retrospective." *See Van Fossen v. Babcock & Wilcox Co.*, 36 Ohio St.3d 100, 105 (1988). While Article II, Section 28 of the Ohio Constitution prohibits the retroactive impairment of vested substantive rights, the General Assembly may make retroactive any legislation that is merely remedial in nature. *Consilio* at ¶ 9, citing *State v. LaSalle*, 96 Ohio St.3d 178, 2002-Ohio-4009, ¶ 13, and *State ex rel. Slaughter v. Indus. Comm.*, 132 Ohio St. 537, 542 (1937). Thus, courts apply a two-

part test to evaluate whether statutes may be applied retroactively. First, the court determines as a threshold matter whether the statute is expressly made retroactive. *Consilio* at ¶ 10, citing *LaSalle* at ¶ 14, citing *Van Fossen*, 36 Ohio St.3d 100, at paragraphs one and two of the syllabus. Then, if the statute is clearly intended to be retroactive, the court determines under the Ohio Constitution whether the statute is substantive or remedial, and if retroactive application impairs a vested contractual right. *Consilio* at ¶ 10, citing *LaSalle* at ¶ 14; *Hope Academy Broadway Campus v. State Dept. of Edn.*, 10th Dist. No. 07AP-758, 2008-Ohio-4694, ¶ 11-12.

{¶ 49} Applying principles of judicial restraint, the magistrate applies the above test only to the specific facts and posture of the present case: Does the statute apply to TTD awards in which both the injury and a final adjudication by the commission occurred before the effective date of the new law?

{¶ 50} The magistrate concludes that the first factor is not met in the present case because the legislature did not clearly express an intent for the new language of R.C. 4123.56(F) to apply retroactively. The statute does specify that it is intended to supersede past judicial decisions on the question, and those past decisions are therefore a nullity going forward. The statute does not expressly say that it must be applied to cases currently under consideration but on facts arising before enactment of the statute, or that past cases decided under former law are now wrongly decided. In the absence of such specific language, the strong presumption against retroactivity must be applied. "[T]he presumption against retroactive legislation is deeply rooted in our jurisprudence, and embodies a legal doctrine centuries older than our Republic." *State v. Walls*, 96 Ohio St.3d 437, 2002-Ohio-5059, ¶ 9, quoting *Landgraf v. USI Film Prods.*, 511 U.S. 244, 265 (1994).

{¶ 51} Even if the statute were taken as retroactive, it would not conform to the constitutional limitation. A statute is impermissibly retroactive in effect if it takes away or impairs rights that vested or accrued before the statute came into force, or it attaches a new disability in respect to past transactions or considerations. *State ex rel. Matz v. Brown*, 37 Ohio St.3d 279, 281 (1988). "A statutory provision that attaches a new disability to a past transaction or consideration is not invalid unless the past transaction or consideration is not invalid unless the past transaction or consideration created at least a 'reasonable expectation of finality.' " *Hope Academy* at ¶ 12, quoting *Matz* at 281. While there is little

precedent addressing the question, there is no reason to doubt that an award of TTD reflects a substantive right. The commission decided that right under the governing law as it perceived it. To apply new statutory law midstream would work more than a remedial change to the law.

{¶ 52} The magistrate accordingly turns to the most recent Supreme Court case, *Klein*, to ascertain whether the commission abused its discretion in granting TTD past the effective date of Pratt's resignation from OSU. *Klein* makes clear that the Supreme Court was eliminating the exceptions "carved out * * * to this voluntary-abandonment rule." *Klein* at ¶ 16. The court expressly overruled those aspects of *Reitter Stucco, OmniSource,* and *Pretty Prods.* analyzing the claimant's physical capacity to work. As a result, *Klein* states that there need no longer be an inquiry, where the claimant has voluntarily abandoned the prior position of employment, regarding whether the claimant was still disabled at the date of termination. *Klein* at ¶ 16, overruling *Reitter Stucco* and *Pretty Prod*s.

{¶ 53} Although *Klein* was decided in September 2018, after the commission rendered its final order in the present case in August of that year, governing cases, unlike statutes, are presumed to apply retrospectively. "The general rule is that a decision of a court of supreme jurisdiction overruling a former decision is retrospective in its operation, and the effect is not that the former was bad law, but that it never was the law." *Peerless Elec. Co. v. Bowers,* 164 Ohio St. 209, 210 (1955).

{¶ 54} The magistrate applies *Klein* to determine that inquiry into Pratt's physical capacity to work and her intent to resume work with another employer is no longer allowed when Pratt voluntarily resigned her position with OSU. *Klein* repeatedly and expressly refers to abandonment of the previous position held with the employer that is subject to the claim, without reference to any intent to abandon the work force entirely. "[I]t would not serve the purpose of temporary-total-disability compensation to award compensation to a worker whose own actions, and not his workplace injury, have prevented his return *to his former position of employment.*" (Emphasis added.) *Klein* at ¶ 22, citing *State ex rel. Ashcraft v. Indus. Comm.,* 34 Ohio St.3d 42, 43-44. "[We] hold that when a workers' compensation claimant voluntarily removes himself from his *former position of employment* for reasons unrelated to a workplace injury, he is no longer eligible for temporary-total-disability compensation, even if the claimant remains disabled at the time

of his separation." (Emphasis added.) *Klein* at ¶ 29. The commission therefore abused its discretion when it considered Pratt's continuing physical limitations and employment prospects and awarded TTD.

{¶ 55} In summary, the magistrate reaches the following conclusions of law: first, R.C. 4123.56(F), effective September 15, 2020, is not intended to be retroactive, and even if so intended, would violate the Ohio Constitution. Second, Pratt's physical limitations based on allowed conditions and her intent to resume work with another employer are irrelevant under *Klein*, because that case requires the commission to consider only whether the claimant has voluntarily abandoned her former position, and not whether she has removed herself from the workforce generally. Third, application of *Klein* to the facts of this case compels a determination that the commission abused its discretion in awarding TTD compensation to Pratt for the period after the effective date of her voluntary resignation. It is therefore the magistrate's decision and recommendation that a writ of mandamus issue ordering the commission to vacate its order awarding TTD compensation after July 5, 2017, and enter an order awarding such compensation only up to that date.

/S/ MAGISTRATE
MARTIN L. DAVIS

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).